UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22992-Civ-MOORE
(09-14016-Cr-MOORE)
MAGISTRATE JUDGE P.A. WHITE

DEWAYNE BERNARD MITCHELL, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

REPORT RE DISMISSAL
FOR FAILURE TO OBTAIN
AUTHORIZATION PURSUANT TO
28 U.S.C. §2244(b)(3)

## I. Introduction

The movant a federal prisoner currently confined at the Federal Correctional Complex in Coleman, Florida, has filed a pro se motion to vacate, pursuant to 28 U.S.C. §2255, challenging the constitutionality of his enhanced sentence as an armed career criminal, entered in case no. 09-14016-Cr-Moore. The movant suggests that his motion is timely in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015).

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules

_____

[1]Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

Governing Section 2255 Proceedings.

The Court has reviewed the movant's motion, the Presentence Investigation Report ("PSI"), the court's Statement of Reasons ("SOR"), and all pertinent portions of the underlying criminal file, as well as, the movant's prior two prior §2255 motions to vacate, assigned case nos. 10-14270-Civ-Moore and 12-14090-Civ-Moore.[2]

## II. <u>Claim</u>

This court, recognizing that movant is *pro se,* afforded him liberal construction pursuant to <u>Haines v. Kerner</u>, 404 U.S. 419 (1972). Movant seeks vacatur of his sentence as an armed career criminal, asserting that, in light of the <u>Johnson</u> decision, the court's determination that his enhanced sentence as a career offender, even under a modified categorical approach, remained lawful is no longer valid.

## III. <u>Background and Procedural History</u>

After movant was charged with and entered a guilty plea to conspiracy to commit Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence, he prosecuted a direct appeal. Thereafter, the Eleventh Circuit vacated and remanded for the limited purpose of correcting the court's error as to apportionment, but otherwise granted the government's motion to dismiss the appeal based on the movant's appeal waiver as contained

---

judge must dismiss the petition and direct the clerk to notify the petitioner...."

[2]The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. <u>See</u> <u>Fed.R.Evid</u>. 201.

in the plea agreement. (Cr-DE#s355-356). Pursuant to the appellate court's remand, the movant was resentenced to a total term of 324 months imprisonment. (Cr-DE#370). The judgment was entered on the docket on June 9, 2010. (Id.). No direct appeal was therefrom was prosecuted.

Instead, movant returned to the court approximately three months later, filing his first §2255 motion to vacate, assigned case no. 10-14270-Civ-Moore, challenging his status as a career offender. (Cr-DE#372). A Report recommending that the motion be denied was adopted by district court Order entered on July 27, 2011. (Cr-DE#377). No appeal therefrom appears to have been prosecuted.

Movant filed a Rule 60(b) motion, which was in legal effect a second §2255 motion, assigned case no. 12-14090-Civ-Moore. (Cr-DE#385). The motion was dismissed as an unauthorized successive motion to vacate. (Cr-DE#386).

The movant was once again returned to the court, filing this third §2255 motion to vacate seeking relief on multiple grounds, including a claim that his enhanced sentence is unlawful in light of the United States Supreme Court's recent decision in Johnson v. United States, __ U.S. __, 135 S.Ct. 2551 (2015). Absent evidence to the contrary, the court finds that this third motion was filed on August 7, 2015, when it was handed over to prison authorities and mailed, as evidenced by the copy of the movant's envelope, scanned onto the court's docket on CM/ECF. See DE#1:14.

IV. <u>Discussion</u>

1.  <u>Unauthorized Successive 2255</u>

As previously narrated, a review of the records of this court establishes that movant filed previous motions to vacate, pursuant to the provisions of 28 U.S.C. §2255, challenging the constitution-ality of his convictions and sentences, which are also the subject of attack in this proceeding. See <u>Mitchell v. United States</u>, Case No. 10-14270-Civ-Moore (S.D. Fla. 2010) and <u>Mitchell v. United States</u>, Case No. 12-14090-Civ-Moore (S.D. Fla. 2011). The 2010 motion was denied on the merits. The 2012 motion was dismissed for lack of jurisdiction because it was an unauthorized successive 2255 motion. In both proceedings, movant challenged his enhanced sentence as a career offender.

In this latest 20150 proceeding, he also challenges the constitutionality of his enhanced sentence as a career offender. Pursuant to 28 U.S.C. §2244(b)(3)(A), "[B]efore a second or successive application is permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." <u>See</u> 28 U.S.C. §2244(b)(3)(A); <u>Felker v. Turpin</u>, 518 U.S. 651 (1996); <u>In re Medina</u>, 109 F.3d 1560 (11th Cir. 1997). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. §2244(b)(2)]." <u>See</u> 28 U.S.C. §2244(b)(3)(B) and (C).

A federal prisoner can file a second or successive §2255 motion if that motion is the result of new evidence of innocence or of a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court. See 28 U.S.C. §2255(h)(1)-(2). A second or successive petition, however, must be certified by the court of appeals to contain newly discovered evidence or a new rule of constitutional law. See Id., See also United States v. Bell, 447 Fed.Appx. 116 (11th Cir. Nov. 18, 2011)(unpublished decision) (stating that appellant's "Motion for Clarification"—in which he claimed that district court lacked jurisdiction to impose his mandatory life sentences because government's 21 U.S.C. §851 notice of sentence enhancement was defective—"is properly construed as a motion to vacate under 28 U.S.C. §2255," over which the district court lacked jurisdiction because appellant "had already filed a §2255 motion" and had not obtained authorization from the Eleventh Circuit to file another one).

The movant's 2010, §2255 proceeding constituted an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. §2244(b)(3). Thus, the movant's only remedy lies in filing a successive §2255 motion, which he has previously done and is again attempting to do so here. Movant, however, does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corr's, 301 F.3d 1287, 1288 (11th Cir.), cert. den'd, 536 U.S. 980 (2002). If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).

See Cate v. Ayers, 2001 WL 1729214, *3 (E.D.Cal. 2001)(holding that the law is clear that a dismissal based on the statute of limitations is an adjudication on the merits of the claim). The movant will be provided with a form to apply for such authorization with this report.

While movant's challenge to his convictions and sentences may be cognizable under an initial 28 U.S.C. §2255(a), he has already filed, and had denied on the merits, a prior motion to vacate pursuant to 28 U.S.C. §2255. Therefore, the instant motion is clearly successive, subject to dismissal for his failure to seek authorization from the Eleventh Circuit to file another §2255 motion. See United States v. Searcy, 448 Fed.Appx. 984 (11th Cir. 2011), cert. den'd, __ U.S. __, 132 S.Ct. 2784 (2012)(citing, 28 U.S.C. §2255(h)).

In his supporting memorandum (Cv-DE#4), movant suggests he is entitled to review on the merits under §2255(f)(4) because he exercised due diligence in ascertaining the grounds for challenging his enhanced sentence. He relies on the Supreme Court's recent decision in Johnson, supra. However, the Eleventh Circuit Court of Appeals has just this week determined that Johnson does not apply retroactively to cases on collateral review. In re Rivero, ___ F.3d ___, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (Recognizing that its sister circuit in Price v. United States, No. 15-2427 (7th Cir. Aug. 4, 2015) found Johnson retroactive, but disagreeing with that court, stating that "[W]e can "escap[e] th[at] logical conclusion" because Congress could impose the punishment in Johnson if Congress did so with specific, not vague, language.).

Thus, movant has failed to demonstrate that his challenge to his convictions and sentences premised on recently-announced rules

in any Supreme Court decisions have been made retroactively applicable pursuant to 28 U.S.C. §2255(f)(3). See Weeks v. United States, 382 Fed.Appx. 845, 848 (11th Cir. 2010)(citation omitted)(noting §2255(f)(3) provides that the one year limitations period begins on the date the Supreme Court decides a case which initially recognized the right being asserted).

It is also noted that movant has previously filed not one, but two §2255 motions. Therefore, he is now required to secure the permission of the Eleventh Circuit before this Court can consider this latest motion. See Ramos v. Warden, FCI Jesup, 502 Fed.Appx. 902, 904 (11th Cir. 2012). Specifically, 28 U.S.C. §2255(h) provides that "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). There is no indication that movant has done so here. As such, movant's §2255 motion should be dismissed for lack of jurisdiction. See United States v. Mosqueda, 2013 WL 4493581, at *2 (N.D. Fla. Aug. 19, 2013)(dismissing a petitioner's §2255 motion based in part on Alleyne for failing to seek permission from the court of appeals to file a second §2255 motion).

Further, even if movant had sought permission from the Eleventh Circuit to file a successive §2255 motion, his claim fails to meet the statutory criteria permitting a second habeas petition. A circuit court of appeals may only allow such a motion when it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

movant guilty of the offense; or

(2) a new rule of constitutional law, made
retroactive to cases on collateral review by
the Supreme Court, that was previously
unavailable.

28 U.S. §2255(h). Movant does not maintain that newly discovered
evidence would establish that he is actually innocent as required
under subsection (1) above. Rather, movant argues that his enhanced
sentence as an armed career criminal is unlawful.

However, as the Supreme Court has explained:

Quite significantly, under this provision, the
Supreme Court is the only entity that can
"ma[k]e" a new rule retroactive. The new rule
becomes retroactive, not by the decisions of
the lower court or by the combined action of
the Supreme Court and the lower courts, but
simply by the action of the Supreme Court. The
only way the Supreme Court can, by itself,
"lay out and construct" a rule's retroactive
effect, or "cause" that effect "to exist,
occur, or appear," is through a holding. The
Supreme Court does not "ma[k]e" a rule
retroactive when it merely establishes
principles of retroactivity and leaves the
application of those principles to lower
courts.

<u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001). Therefore, "[i]t is not
enough that the new rule is or will be applied retroactively by the
Eleventh Circuit or that it satisfies the criteria for retroactive
application set forth by the Supreme Court." <u>In re Joshua</u>, 224 F.3d
1281, 1283 (11th Cir. 2000).

Thus, this Court lacks jurisdiction to consider movant's
present motion because it is a second or successive motion under

§2255. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). As such, movant must obtain an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the motion. 28 U.S.C. §§2244(b)(3), 2255(h).

Notwithstanding, if movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). Movant will be provided with a form to apply for such authorization with this report.

2. 2255's Saving Clause

To the extent the movant is attempting to raise the issue by way of a habeas petition brought pursuant to 28 U.S.C. §2241, this proceeding is also subject to dismissal. Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under §2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under §2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

The savings clause of §2255, however, permits a federal prisoner, under limited circumstances, to file a habeas petition that attacks the validity of his conviction(s) and sentence(s) pursuant to §2241. Sawyer, 326 F.3d at 1365. Under the savings clause, a court may entertain a §2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). The savings clause is a jurisdictional provision, such

9

that a petitioner must show that §2255 is "inadequate or ineffective" before the district court has jurisdiction to review the §2241 petition. Williams v. Warden, Fed'l Bureau of Prisons, 713 F.3d 1332, 1337-40 (11th Cir. 2013).

A prisoner who has previously filed a §2255 motion must apply for and receive permission before filing a successive §2255 motion. 28 U.S.C. §2244(b)(3)(A), §2255(h). Such a restriction alone does not render that section "inadequate or ineffective" within the meaning of the savings clause. Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011)(en banc). Thus, a petitioner who has filed a prior §2255 motion that has been denied may not circumvent the prohibition on unauthorized successive §2255 filings simply by filing a petition under §2241. See Id.

Notwithstanding, when a federal prisoner files a habeas corpus petition brought pursuant to 28 U.S.C. §2241, the prisoner must file the §2241 petition in the judicial district where he is incarcerated, not in the judicial district where his convictions and sentences were entered. Diaz v. United States, No. 12-16498, 2014 WL 4377576, at *1 (11th Cir. Sept. 5, 2014) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443-44 (2004)) (unpublished). In Diaz, the petitioner was incarcerated in Kentucky at the time he filed his §2241 petition in the Southern District of Florida. Id. He had previously filed a 28 U.S.C. §2255 motion to vacate in October 2003, which was denied on the merits. Id. Diaz then returned to the Court filing a second or successive §2255 motion, which was dismissed on the basis that he could not proceed through §2241 because he had not satisfied the requirements of §2255(e)'s savings clause. Id. The Eleventh Circuit held that the district court lacked jurisdiction to review the petition because the petitioner was not incarcerated in the Southern District of Florida. Id. In so

holding, the Court noted that a §2241 petition, filed by a federal prisoner, must be brought in the district where the inmate is confined, and not the district where the conviction was entered. Id.

Thus, to the extent this federal petition were construed as brought pursuant to §2241, it should be dismissed without prejudice to the petitioner refiling it in the federal district court having jurisdiction over F.C.C.-Coleman, located in Coleman, Florida, the institution where movant is currently confined. Accordingly, because petitioner is not incarcerated within the Southern District of Florida, this Court does not have jurisdiction over this filed petition, to the extent he seeks to proceed under the savings clause of §2255(e) which permits the filing of a §2241 petition to test the legality of a petitioner's detention where §2255 is inadequate or ineffective. See Bryant v. Warden, FCC Coleman-Med., 738 F.3d 1253, 1262 (11th Cir. 2013); 28 U.S.C. §2255(e); 28 U.S.C. §2241. Alternatively it is recommended that if construed as a §2241 habeas petition, that this proceeding be dismissed for lack of jurisdiction.

## V.   Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of

appealability under 28 U.S.C. §2253(c)." <u>See</u> <u>Fed.R.App.P</u>. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); <u>see</u> <u>also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. <u>See</u> <u>Slack</u>, 529 U.S. at 485; <u>Edwards v. United States</u>, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if  movant does not agree, he may bring this argument to the attention of the district judge in objections.

VI.   <u>Conclusion</u>

For all of the foregoing reasons, this 2015 proceeding should be dismissed for lack of jurisdiction for two specified reasons. First, as a §2255 motion, it is an unauthorized successive motion,

because movant has not obtained certification required by 28 U.S.C. §2244 (b)(3)(A) from the Eleventh Circuit Court of Appeals. Second, as a §2241 petition, seeking to invoke §2255(e) saving clause, the petition must be filed in the district of confinement, not the district where the conviction was entered. It is further recommended that all pending motions, not otherwise ruled upon be dismissed as moot, that no certificate of appealability issue, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 14th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE

cc:  Dewayne Bernard Mitchell, Jr., Pro Se
     Reg. No. 76116-004
     Federal Correctional Complex-Coleman Camp
     Inmate Mail/Parcels
     P.O. Box 1027
     Coleman, FL 33521-1027

     Noticing 2255 U.S. Attorney
     Email: usafls-2255@usdoj.gov